UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERTO CASTINEIRAS,

                                    Plaintiff,

    v.                                                    9:17-CV-1084
                                                            (BKS/ATB)
A. HELMS,

                                    Defendant.

ROBERTO CASTINEIRAS, Plaintiff, pro se
AIMEE COWAN, Asst. Attorney General, for defendants.

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT and RECOMMENDATION

This matter was referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge.  Plaintiff has filed this civil rights complaint alleging that on August 21, 2017, at Upstate Correctional Facility, defendant Helms used excessive force against him in the course of extracting plaintiff from his cell. (Complaint ("Compl.") ¶ 6, Facts).  Plaintiff originally named two defendants: Corrections Officer ("CO") A. Helms, and "Jane Doe," a nurse on duty at the time of the incident. (Compl. at 1).  On December 19, 2017, after initial review of the complaint, Judge Sannes dismissed the complaint against defendant Jane Doe. (Dkt. No. 9).

Presently before the court, is a motion for summary judgment filed by defendant Helms, arguing that plaintiff has failed to exhaust his administrative remedies.  In the alternative, defendant argues that plaintiff's Eighth Amendment claim may be

dismissed on the merits, and that defendant is entitled to qualified immunity. (Dkt. No. 24). Plaintiff has responded in opposition to the motion, and defendant has filed a reply. (Dkt. Nos. 26, 27). For the following reasons, this court agrees that plaintiff has failed to exhaust his administrative remedies and will recommend that the defendant's motion for summary judgment be granted.

## DISCUSSION

**I.    Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is

some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

## II.     Exhaustion of Administrative Remedies

### 1.     Legal Standards

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g., Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in

3

accordance with the applicable state rules. *Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d).

There is a special section for complaints of "harassment." *Id*. § 701.8. Harassment grievances are defined in another section of the regulations as "those grievances that allege employee misconduct meant to annoy, intimidate, or harm an inmate." *Id.* § 701.2(e). Based on this definition, section 701.8 has been found applicable to claims of excessive force by staff. *Terry v. Hulse*, No. 16-CV-252, 2018 WL 4682784, at *7 n.7 (S.D.N.Y. Sept. 28, 2018) (citing *Torres v. Carry*, 691 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2009)).

Complaints of harassment are handled by an ***expedited*** procedure which provides that such grievances are forwarded directly to the superintendent of the facility,[1] after which the inmate must appeal any negative determination to the CORC by filing a form

---

[1] The regulation states that "[a]llegations of employee harassment are ***of particular concern to the administrators of department facilities.***" 7 N.Y.C.R.R. § 701.8 (emphasis added).

4

within seven calendar days of the inmate's receipt of the Superintendent's response. *Id.* §§ 701.8(h) & (i), 701.5. The regulations then provide that "unless otherwise stipulated in this section, all procedures, rights, and duties pertaining to the processing of other grievances as set forth in section 701.5 of this Part shall be followed." *Id.* § 701.8(i). Thus, if a procedure is not described in 701.8, the inmate must refer to section 701.5.[2]

Until recently, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

However, the Supreme Court has now made clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, 136 S. Ct. at 1857. "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v. Buchanan*, No. 15-3336-pr, 2016 WL 4572321, at *2 (2d Cir. Sept. 1, 2016) (quoting *Ross*, __ U.S. at __, 136 S. Ct. at 1857). Although *Ross* did away with the "special circumstances" exception, the other two factors in *Hemphill*–availability and estoppel–are still valid. The court in

---

[2] The court also notes that the regulations governing the Inmate Grievance Program ("IGP") encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id*. § 701.3(a) (Inmate's Responsibility).

5

*Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, __ U.S. at __, 136 S. Ct. at 1858. Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available" to the inmate. *Id.; see also Riles*, 2016 WL 4572321 at *2. An administrative procedure is "unavailable" when

> (1) "it operates a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is "so opaque that is [sic] becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Riles, supra* (quoting *Ross*, __ U.S. at __, 136 S. Ct. at 1859-60).

In *Ross*, the Supreme Court gave examples of the circumstances under which each of the above would apply. *Ross*, __ U.S. at __, 136 S. Ct. at 1859-60. The first circumstance listed above involves a case in which the relevant "administrative procedure" lacks the authority to provide "any" relief. *Id.* at 1859. The second example is when the administrative procedure "exists," but is so complicated or "opaque" that no ordinary prisoner could "discern or navigate it." *Id.* Finally, administrative remedies are not available if prison administrators prevent inmates from taking advantage of the grievance process by misleading or threatening them, preventing their use of the administrative procedure. *Id.* at 1860. Thus, if a plaintiff fails to exhaust his administrative remedies, the court must consider whether those remedies were "available" to him.

In *Williams v. Priatno*, 829 F.3d 118, 123-27 (2d Cir. 2016), the Second Circuit

6

considered whether administrative remedies had been "actually available" to an inmate plaintiff under *Ross*, after the district court granted the defendants' motion to dismiss for failure to exhaust. The plaintiff alleged that, while housed in the special housing unit ("SHU"), he drafted a grievance that he delivered to a correction officer to forward to the grievance office on his behalf. *Id*. at 120-121. Approximately two weeks later, the plaintiff was transferred to a different facility. *Id*. at 121. He never received a response to his grievance, and alleged that it was never filed by the officer to whom he had given it. It was undisputed that plaintiff never appealed the grievance. *Id*.

The defendants in *Williams* argued that even if the grievance was never filed, the plaintiff was required to appeal it and complete the grievance process. *Id*. at 124. The defendants relied on a Department of Corrections and Community Services ("DOCCS") regulation that provided that "an inmate may appeal a grievance 'to the next step' if he does not receive a timely response." *Id*. (quoting N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(2)).

The Second Circuit rejected this argument and held that, for an inmate in the plaintiff's situation, the regulatory scheme was so "opaque" and "confusing" as to be practically unavailable. *Id*. The Second Circuit found that DOCCS regulations "only contemplate appeals of grievances that [have been] actually filed . . . [and] give no guidance whatsoever to an inmate whose grievance was never filed." *Id*. Thus, *Williams* holds that "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it." *Id*. at 126.[3]

---

[3] My summary of *Williams* tracks that of Magistrate Judge Stewart in *Berman v. Durkin*, No. 9:13-CV-136 (LEK/DJS), 2017 WL 1215814, at *8 (N.D.N.Y. Mar. 10, 2017), (Rep't-Rec.), *adopted*,

*See also Medina v. Napoli*, 725 F. App'x 51, 53-54 (2d Cir. 2018) (following *Williams* in the context of a summary judgment motion).

### 2. Application

In this case, defendant argues that plaintiff failed to exhaust his administrative remedies because he failed to appeal the Superintendent's denial of his grievance to the CORC, and the administrative remedy was "available" to him. (Def.'s Mem. of Law at 3-5) (Dkt. No. 24-9). Defendant also argues that plaintiff failed to specifically identify defendant Helms in his grievance as one of the officers who actually struck plaintiff.[4] (*Id.* at 4). This court need not reach defendant's last argument regarding exhaustion because there are at least two other reasons why plaintiff failed to exhaust his administrative remedies as discussed below, the first of which was not raised by the defendant.

Plaintiff attached his grievance to the complaint in this federal action. (Compl. at CM/ECF p.7). The grievance is dated "9/21/17," and it was received by the Grievance Committee and given Grievance No. UST-61853-17 on "9/22/17." (*Id.*) Plaintiff's federal complaint was also signed "9/21/17," and it was received by the court on "9/28/17." (Compl. at CM/ECF p.6 & Dkt. No. 1 *generally*). If plaintiff signed his administrative grievance and his federal complaint on the same day and mailed the federal complaint to the court, it is impossible that plaintiff could have exhausted his administrative remedies before he filed his federal action. In fact, in the section of the

---

2017 WL 1207834 (N.D.N.Y. Mar. 31, 2017).

[4] Defendant argues that the grievance states only that defendant Helms verbally threatened plaintiff after the excessive force incident. (Def.'s Mem. of Law at 4).

form-complaint which asks the plaintiff "What was the final result of your grievance?", plaintiff's answer was: "[it] is being in investigation under Code 49 harassment/misconduct."[5] (Compl. at CM/ECF p.3).

A civil rights claim must be exhausted by the grievance process, which requires the completion of the three-tiered process, *before* an action asserting that claim may be filed. *See*, e.g., *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, at *5 (N.D.N.Y. Nov. 9, 2015), *Rep't Rec., adopted*, 2015 WL 7864161 (N.D.N.Y. Dec. 3, 2015); *See also Klein v. Fischer*, No. 13-CV-0437, 2015 WL 5174031, at *19 (N.D.N.Y. Sept. 2, 2015) ("a post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced.").

The court will also examine whether plaintiff exhausted his administrative remedies *after* filing this action. If plaintiff had done so, the federal complaint would still have to be dismissed, but the plaintiff would have been able to re-file the federal complaint immediately because his remedies would already have been exhausted. *See Brown v. Napoli*, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009); *Morales v. Mackalm*, 278 F.3d 126, 128 (2d Cir. 2002) (dismissal for failure to exhaust should be without prejudice to refiling following exhaustion). If plaintiff did not exhaust his remedies during the pendency of this action, the dismissal may still be without prejudice, but plaintiff will have to attempt to exhaust his administrative remedies prior to refiling.

In this case, the parties dispute whether plaintiff completed the exhaustion

---

[5] Exhaustion is an affirmative defense. Thus, even though it seems clear from the face of the complaint that plaintiff's remedies were not exhausted, in an abundance of caution, the complaint was allowed to proceed past initial review.

requirement during the pendancy of this action.  Defendant Helms argues that plaintiff did not appeal the denial of his grievance to the CORC, and thus never completed the administrative grievance process for his claim at all. (Dkt. Nos. 24-1; 24-9).  Plaintiff argues that he did appeal to the CORC, but did not keep copies of any of the relevant documents.  The parties agree that plaintiff filed Grievance UST-61853-17 following the alleged August 21, 2017 incident. (Cowen Dec. Ex. A, at 2).  Because plaintiff's grievance involved allegations of employee harassment, it was forwarded directly to Upstate's Superintendent for review and response. (Cowen Decl. Ex. A at 7). Plaintiff's grievance was subsequently denied by the Superintendent. (Cowen Dec. Ex. A, at 3).  However, the parties disagree as to whether plaintiff appealed the Superintendent's decision to the CORC. (Cowen Dec. Ex. A, at 3; Dkt. No. 24 at 7-9; Dkt. No. 24-5 at 32-33).

Defendant has filed the Declaration of Rachel Seguin, the Assistant Director of the DOCCS IGP and custodian of records maintained by the CORC. (Seguin Decl. ¶¶ 1-2, 7). Assistant Director Seguin reviewed the CORC records, searching for any appeals filed by plaintiff with the CORC and found no grievance appeals by plaintiff. (Seguin Decl. ¶¶ 7-9; Ex. A).

In his deposition, plaintiff claims to have filed his appeal to the CORC and claims that the CORC issued a decision denying his grievance. (Pl.'s Dep. at 32-33). Plaintiff's testimony regarding the appeal was vague. *Id.*  Plaintiff has been unable to produce the alleged denial of appeal by the CORC, although he claims to have received such a denial, and has failed to produce any other evidence that the appeal was filed.

10

Plaintiff testified that he did not keep a copy of his appeal or of the CORC's decision. (*Id*. at 32). Although plaintiff responded to the defendant's summary judgment motion, he failed to address the exhaustion issue. (See Dkt. No. 26).[6] Thus, he has failed to address Assistant Director Seguin's sworn statement that there is no record of plaintiff having filed an appeal with CORC regarding any alleged misconduct by defendant Helms.

Unlike the plaintiff in *Williams*, this plaintiff does not argue that administrative remedies were unavailable to him. Rather, plaintiff claims that he completed all the required steps to exhaust his administrative remedies. He alleges that he did not keep the relevant documents. It is undisputed that plaintiff filed a grievance and received a decision from the Superintendent denying his claim. Because plaintiff has failed to claim that administrative remedies were unavailable to him, any recognized exceptions to the exhaustion of administrative remedies requirement are not relevant to the court's analysis. *See Ross*, 136 S.Ct. at 1853-54.

When a plaintiff fails to exhaust his administrative remedies, the court must dismiss the action without prejudice so that the plaintiff may complete the exhaustion process and re-file his action, unless the time permitted for filing a grievance or appeal has finally expired. *See Felix v. Simon*, 303 F. App'x 21, 22 (2d Cir. 2008) (upholding dismissal of a civil rights action with prejudice where the time permitted for filing a

---

[6] Plaintiff argues in his Response to defendant's motion for summary judgment that he is entitled to an appointment of counsel. (Dkt. No. 26). Requests of counsel must be made by a Motion for Appointment of Counsel in compliance with the Northern District of New York's local rules. Plaintiff is aware of this requirement as he has previously moved to appoint counsel and the court has denied his motion. (Dkt. Nos. 18, 20).

grievance had expired because "dismissal with prejudice, when remedies are no longer available, is required in the absence of any justification for not pursuing such remedies" (citation omitted).

In this case, the Superintendent's decision was dated October 27, 2017, and the bottom of the document contains an "Appeal Statement," informing the plaintiff that he had "seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C." (Def.'s Ex. A at 3). *See* 7 N.Y.C.R.R. § 701.5(d)(1)(i). The text associated with the asterisk above states that "*An exception to this time limit may be requested under Directive #4040, section 701.6(g)." (*Id.*) This document is Form # 2133. (*Id.*) The appeal section of the form is blank,[7] and the regulations specifically provide that "If the grievant or any direct party wishes to appeal to the CORC, he or she *must complete and sign form #2133* and submit it to the grievance clerk within seven calendar days after receipt of the superintendent's written response to the grievance." 7 N.Y.C.R.R. § 701.5(d)(1)(i) (emphasis added). This section of the regulation further states that "an exception to this appeal time limit may be approved by the IGP supervisor under section 701.6(g) of this Part." *Id.* However, section 701.6(g) provides that "an exception to this time limit may not be granted if the request was made more than 45 days after an alleged occurrence."

Thus, plaintiff may not return to exhaust his administrative remedies as against defendant Helms because, although he could have requested an exception to the seven-day time limit for appealing to the CORC within 45 days of the occurrence of the

---

[7] This further supports the defendant's assertion that plaintiff did not, in fact, appeal the Superintendent's denial of his grievance to the CORC.

incident, that time limit has long since expired, and there appear to be no exceptions to the 45 day limit in the regulations. Because plaintiff may not return to exhaust his administrative remedies as against defendant Helms, I must recommend dismissal with prejudice as against defendant Helms.

In his response to defendant's motion, plaintiff references another investigation surrounding the events of August 21, 2017 and argues that his Eighth Amendment claim should survive summary judgment, even if defendant Helms is granted a "partial" summary judgment on his exhaustion argument. (Dkt. No. 26). According to plaintiff, an investigation conducted by the Office of Special Investigations ("OSI") established that the *nurse* on duty on the day of the incident was guilty of abusive behavior. (Dkt. No. 26).

A copy of the investigative report is attached to defense counsel's affidavit as Exhibit B. The OSI report referenced plaintiff and another inmate, who complained about an unrelated, but similar incident involving the nurse. (Cowan Decl. Ex. B). The OSI investigated the August 21, 2017 incident. (Cowan Dec. Ex. B). The investigation was conducted to look into allegations made by plaintiff, as well as additional allegations by a different inmate at Upstate Correctional Facility, against the nurse on duty during the August 21, 2017 incident (Nurse Marla Travers). (*Id.*) However, even assuming that this investigation sufficed to exhaust plaintiff's claims against Nurse Travers,[8] all claims against "Jane Doe Nurse" were dismissed from this case *sua sponte*

---

[8] Normally, if plaintiff had filed directly with the Inspector General or OSI, such a complaint would not be sufficient for exhaustion purposes. *Smith v. Kelly*, 985 F. Supp. 2d 275, 285 & n.16 (N.D.N.Y. 2013) ("The Court notes that there is no exhaustion where an inmate complains directly to the Inspector General (i.e., instead of complaining to the superintendent and having the complaint

by the Judge Sannes. (Dkt. No. 9).[9]

In any event, the report states that the investigation was "assigned on September 28, 2017, and Investigator Ryan Graziano signed the completed OSI Report on May 8, 2018, long after plaintiff filed this federal complaint. Thus, notwithstanding the OSI investigation, which focused only on the nurse, plaintiff still failed to exhaust his administrative remedies *prior to* filing this federal complaint. The complaint still remains dismissed without prejudice as to the Jane Doe nurse.

## III. Additional Discovery

### A. Legal Standards

Pursuant to Fed. R. Civ. P. 56(f), a party opposing a motion for summary judgment based on insufficient discovery must file an affidavit describing: (1) "the nature of the uncompleted discovery;" (2) "how the facts sought are reasonably expected to create a genuine issue of material fact;" (3) "what efforts the affiant has made to obtain those facts" and; (4) "why those efforts were unsuccessful." *Paddington*

---

referred to the Inspector General pursuant to 7 N.Y.C.R.R. § 701.8[d] ), the Inspector General renders a finding of unsubstantiation, and the inmate fails to appeal that finding to CORC." ) In this case, it is clear from the OSI report that the investigation was requested by the Superintendent on September 19, 2017, but was not finally decided until June 5, 2018. (Cowen Decl. Ex. B at 1, 4). There would have been no need to appeal the OSI finding because it was in plaintiff's favor, and Nurse Travers resigned from her position on April 18, 2018. (Cowen Decl. Ex. B at 3). However, it appears that whatever grievance or complaint prompted the Superintendent to request an OSI investigation, it must have been based on different facts than the grievance that plaintiff attached to his federal complaint because the Superintendent's response to Grievance UST-61853-17 was a *denial* on October 27, 2017, including a statement that "no misconduct by staff was found." (Cowen Decl. Ex. A at CM/ECF p.3). Plaintiff would have been required to appeal that denial in order to exhaust his claims against defendant Helms.

[9] Plaintiff had the opportunity to amend his complaint to add the nurse in question as a party. He clearly knew the nurse's name at the time of the OSI investigation, but never filed an amended complaint with the court. The complaint as to Nurse "Doe" was dismissed without prejudice.

*Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); see also *Brunson v. Jonathan*, 677 F. Supp. 2d 640, 641 (W.D.N.Y. 2010).

### 2. Application

In his response to defendant's motion, plaintiff also argues that he should be allowed to conduct further discovery in this matter in the form of depositions and interrogatories. (Dkt. No. 26). Plaintiff has not met the requirements for additional discovery under Rule 56(f). Plaintiff's response to defendant's motion merely states that discovery "in the form of depositions" and "interrogatories" would be "instrumental" to establish defendant's culpability. Plaintiff's vague and conclusory statement fails to demonstrate how his ability to respond to defendant's motion for summary judgment was impaired by his lack of discovery or what documents he wishes to obtain that would be material to the exhaustion or any substantive issue.

Additionally, in defendant's reply, defense counsel asserts that she complied with the Court's Mandatory Pretrial Discovery order and forwarded the required discovery material to plaintiff. (Dkt. No. 27). Further, defendant notes that plaintiff had six months to conduct discovery after defendant filed his answer to plaintiff's complaint on February 6, 2018 (Dkt. No. 16). The deadline for discovery did not expire until August 7, 2018. (Dkt. No. 17). Moreover, defendant's reply states that there is no indication that plaintiff ever demanded any further discovery or an extension of the discovery deadline. Thus, plaintiff has not met the requirements of Rule 56(f).

## IV. Conclusion

Based upon the complaint itself, the grievance documents, and Assistant Director

Seguin's declarations, plaintiff has failed to raise an issue of fact as to whether, prior to the initiation of this action, he properly filed his grievance and/or appealed the grievance against defendant Helms to the CORC as required by the IGP. *See*, e.g., *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("[T]he PLRA requires proper exhaustion, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.") (internal quotation marks and emphasis omitted)).

The court also concludes that there are no issues of fact material to whether plaintiff has ever exhausted his administrative remedies with respect to the claim against defendant Helms.  No reasonable fact finder could conclude that plaintiff pursued an appeal to the CORC after he filed this action or that he could still pursue such an appeal within the applicable deadlines.  Accordingly, I recommend that defendant's motion be granted, and that plaintiff's complaint be dismissed with prejudice based on his failure to exhaust available administrative remedies prior to commencing this action and thereafter, though the expiration of the applicable deadlines to do so.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion for summary judgment (Dkt. No. 24) be **GRANTED**, and the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE AS TO DEFENDANT HELMS**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk

of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 6, 2019

*/s/ Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge